**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PETER ALLEN TREADWAY | : | |
| | : | |
| Appellant | : | No. 1361 EDA 2016 |

Appeal from the PCRA Order April 4, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0001794-2010

BEFORE:   BOWES, J., OTT, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                                    **Filed July 3, 2017**

Peter Allen Treadway appeals, *pro se*, from the order entered April 4, 2016, in the Chester County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Treadway seeks relief from an aggregate term of 100 to 200 years' imprisonment imposed on March 7, 2014, following his jury conviction of 46 offenses, including rape of a child,[2] for the repeated sexual abuse of his minor stepdaughter over a period of four years.  For the reasons below, we affirm.

The facts underlying Treadway's convictions were as follows:

_____

[1]  **See** 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. § 3121(c).

Treadway sexually abused his stepdaughter. This depravity continued for years. The victim testified the abuse began when she was nine or ten years old and that Treadway first had sexual intercourse with her when she turned eleven. By the time the victim was thirteen or fourteen years old, Treadway had sex with her "every day or multiple times a day." Eventually the victim became pregnant. The victim, with Treadway's assistance, obtained an abortion in a hospital.[3]

*Commonwealth v. Treadway*, 64 A.3d 278 [2342 EDA 2011], *1 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 70 A.3d 811 (Pa. 2013).

As noted above, a jury convicted Treadway of multiple sexual offenses. The PCRA court summarized the procedural history following Treadway's conviction:

On July 13, 2011, this Court sentenced [Treadway] to a total term of imprisonment of 100 to 200 years. On January 15, 2013, the Pennsylvania Superior Court affirmed [Treadway's] convictions, but found certain of the sentences imposed to be illegal. Accordingly, the Superior Court vacated [Treadway's] judgment of sentence and remanded the case to this Court for resentencing. [*See Treadway*, *supra*.] … [T]he Superior Court noted that nothing in its decision vacating [Treadway's] sentence was to be construed as precluding this court "from exercising its discretion to impose a sentence up to the statutory maximum provided for each offense – and running those sentences consecutively." [*Id.* at *3, n. 4).] [Treadway] filed a petition for allowance of appeal of this ruling with the Pennsylvania Supreme Court, which the Supreme Court denied on July 23, 2013. The record was remanded back to this Court on August 21, 2013.

---

[3] At trial, the Commonwealth presented DNA evidence establishing Treadway was the father of the victim's aborted fetus. *See* N.T., 3/1/2011, at 305-312, 345.

On March 7, 2014, we resentenced [Treadway] to serve a term of imprisonment of 100 to 200 years. The Pennsylvania Superior Court affirmed his judgment of sentence on November 13, 2014. [*See Commonwealth v. Treadway*, 104 A.3d 597 (Pa. Super. 2014).] Thirteen days later [Treadway] filed a "Motion for Dismissal Pursuant to Pa.R.Crim.P. Rule 600," claiming that his right to a speedy trial had been violated when he was not sentenced within 120 days of the Superior Court's January 15, 2013 order. In this motion, [Treadway] requested that his sentence be vacated and that all charges against him be dismissed. On December 7, 2014, he filed a forty-two page addendum to this document. Since an action under the Post Conviction Relief Act is the sole means of obtaining collateral relief, 42 Pa.C.S.A. § 9542, we treated those filings as a *pro se* petition under the Post Conviction Relief Act and appointed [Treadway] PCRA counsel.

[Treadway] subsequently requested to proceed as his own attorney, and on May 21, 2015 we directed that a hearing be scheduled in accordance with *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). At the hearing held on August 18, 2015, [Treadway] withdrew his request to proceed *pro se*. Thereafter, counsel reviewed the record and the claims that [Treadway] wished to raise, and discovered no claim that would entitle [Treadway] to post-conviction relief. Accordingly, counsel moved to withdraw his representation on November 10, 2015.[4]

Following our own independent review of the file and the record, and after discovering no basis for relief, on February 29, 2016, we provided to [Treadway] the mandatory twenty-day notice of our intent to dismiss his petition. [Treadway] responded to this notice with a ten page, handwritten, *pro se* document captioned "I Have Not Yet Begun to Fight!" In it, [Treadway] raged against our notice of intent to dismiss, but did not put forth any issue that would have required that the

---

[4] We note that counsel properly filed a petition to withdraw and a *Turner*/*Finley* "no merit" letter. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

proceedings continue. Accordingly, we dismissed his PCRA petition on April 4, 2016.

PCRA Court Opinion, 6/9/2016, at 1-3. In its April 4, 2016, Order, the PCRA court also granted counsel permission to withdraw from representation. This timely appeal followed.[5]

Preliminarily, we note the brief Treadway submitted to this Court – a combination of typed and handwritten pages with numerous attachments and hand-drawn maps – is, similar to his filings in the PCRA court, disjointed and largely unintelligible. **See generally** Treadway's Brief. Moreover, the brief fails to conform to the Pennsylvania Rules of Appellate Procedure, in that it does not include a statement of questions involved, a statement of the case, a summary of the argument, or a distinct argument section. **See** Pa.R.A.P. 2111, 2116-2119. Rather, it presents a rambling compilation of purported injustices imposed on Treadway by the trial court. As we have stated on numerous occasions,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **Commonwealth v. Maris**, 427 Pa. Super. 566, 629 A.2d 1014, 1017 n. 1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Id.** This Court may quash or dismiss an appeal if an appellant fails to conform with the

---

[5] The trial court did not order Treadway to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, as the court explains in its opinion, Treadway filed with his notice of appeal a "multiple-page, handwritten document complete with various handwritten attachments … [which] appear to be addressed to various Pennsylvania appellate court and to federal courts." PCRA Court Opinion, 6/9/2016, at 3.

requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.;* Pa.R.A.P. 2101.

*Commonwealth v. Freeland*, 106 A.3d 768, 776–777 (Pa. Super. 2014), *quoting* *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).

Here, we find the defects in Treadway's brief and "argument" are substantial. He appears to raise claims concerning: (1) the court's lack of jurisdiction over him because he is an Iroquois Indian and subject to "Treaty Laws;" (2) a *Brady*[6] violation (without reference to the material purportedly withheld); (3) "improper vouching" by the prosecutor (without any citation to the record); (4) a violation of his right of confrontation and cross-examination (without reference to the record); (5) the denial of DNA testing (although DNA testing was performed); (6) the lack of "statutory authority" for his sentence; and (7) the denial of a jury of his peers because "as sovereignty of Native American," he is "considered as a Foreign Diplomat." Treadway's Brief at 2, 3, unnumbered 4.5, 7, 9.[7] Because these purported claims are not addressed in any manner that adequately permits our review, we find they are waived.[8] *See Commonwealth v. Irvin*, 134 A.3d 67, 73-

---

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

[7] Treadway's brief includes numbered pages with typed print and handwritten notations, followed by unnumbered handwritten pages.

[8] We note Treadway also fails to provide any citations to the record in support of his claims. *See* Pa.R.A.P. 2119(c) (mandating that when claim *(Footnote Continued Next Page)*

74 (Pa. Super. 2016) (finding appellant "may obtain no relief" on claim that lacks "detailed discussion and citation to authority").

Furthermore, to the extent Treadway asserts his right to a speedy sentencing hearing was violated when his case was remanded for resentencing,[9] the issue the PCRA court deemed was his "chief claim on appeal[,]"[10] we rest on the thorough and well-reasoned opinion of the PCRA court. **See** PCRA Court Opinion, 6/9/2016, at 3-6 (finding: (1) Treadway's reliance on Pa.R.Crim.P. 600 is misplaced as that rule applies only to speedy trials; (2) Pa.R.Crim.P. 704(A)(1), which imposes a 90-day time period for sentencing, applies only to the sentencing hearing after conviction, not after remand by an appellate court; (3) a delay in sentencing upon remand is actionable only if the defendant can prove "actual prejudice;" and (4) Treadway failed to allege any prejudice as a result of the seven-month delay for his resentencing hearing).

Order affirmed. All outstanding motions denied.

---

*(Footnote Continued)* ——————————

makes reference to the record "the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears").

[9] **See** Treadway's Brief at 14.

[10] PCRA Court Opinion, 6/9/2016, at 3.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/2017